## J. L. MATTHEWS v. FRANCIS M. YOUNG.

1. PETITION IN EQUITY—*Demurrer—Error to Overrule, When.*   It is
   error to overrule a demurrer to a petition for want of sufficient facts
   to constitute a cause of action, which petition seeks to have the
   holder of the legal title to town lots declared a trustee for, and a

conveyance decreed to. an adverse claimant by reason of settlement and occupancy, and which petition declares the fact that the plaintiff has failed, by reason of poverty, to make the deposit for expense of contest required by the rules of the secretary of the interior.

2. TOWNSITE TRUSTEES—*Rules—Inability to Comply With Not Sufficient Excuse.* The financial condition of the claimant is something over which the trustees or adverse party could exercise no control, and his inability to comply with the rule requiring a reasonable deposit to meet the expense of a hearing is not a sufficient excuse to entitle him to the intervention of a court of equity.

*Keaton & Cotteral* for plaintiff in error.

*H. R. Thurston* for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: Francis M. Young filed his petition in the district court of Logan county in which he alleged that he was a citizen of the United States and qualified under the laws of the United States to acquire title to lots in the townsite of Capitol Hill; that in June, 1890, he selected and settled upon lots 13, 14, 17 and 18, in block 65, in Capitol Hill; that he erected a house upon said lots and used the same for his home; that in 1892 he filed his application before the board of townsite trustees within the time prescribed by the rules of said board. He further alleges that at the time his case was set for hearing before said townsite board, that owing to his poverty he was unable to make the thirty-two dollar deposit required by the rules promulgated by the secretary of the interior, and that by reason of his said failure, the townsite trustees awarded said lots to the defendant, J. L. Matthews, and conveyed the same to him by deed, and he asks that said Matthews be declared to hold the title to said lots in trust for him and that a commissioner be appointed to convey the legal title to him.

To this complaint the defendant, Matthews, demurred upon the ground that the complaint failed to

state facts sufficient to constitute a cause of action. The demurrer was overruled by the court and exceptions saved. Afterward an answer was filed, trial had by the court and judgment rendered for the plaintiff as prayed in his petition. From this judgment the plaintiff in error appeals.

The trial court erred in overruling the demurrer to the petition. The petitition disclosed upon its face that the petitioner had failed to comply with one of the rules promulgated by the secretary of the interior, which rule required the adverse claimants to lots upon said townsite, on or before the day set for hearing of such adverse claim, to make a deposit of a sufficient sum of money to cover the expense of one day's trial before said board.

This was a reasonable and proper rule and one which the petitioner was bound to comply with, unless prevented by some action of the adverse party, or by the action of the trustees. He seeks to excuse himself from a compliance with said rule by alleging that, owing to his poverty, he was unable to make said deposit. Poverty is not recognized by law as an excuse for a failure to comply with the laws and regulations necessary to the acquirement of title to public lands or lots, and, as the petition fails to show a proper excuse or justification for the failure on the part of the petitioner to comply with the rules of the department, it failed to state facts sufficient to warrant the intervention of a court of equity. ( *Maddox v. Burnham*, Supreme Court of United States, March 4, 1895.)

The facts in this case are similar to those in the case of *Twine v. Carey*, 2 Okla. Rep. 249, 37 Pac. 1096, decided by this court, and we adhere to the ruling announced in that case.

The judgment of the district court is reversed and

cause remanded with instructions to sustain the demurrer to the petition and for such further proceedings as may be in harmony with this opinion.

Dale, C. J., not sitting; all the other Justices concurring.